IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN J. ROBERTSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 18-cv-1338 |
| ) | |
| v. ) | Chief United States Magistrate Judge |
| ) | Cynthia Reed Eddy |
| ROBERT GILMORE, TRACEY ) | |
| SHAWLEY, ROBERT VALLEY, ) | |
| MICHAEL HICE, DR. AUTHOR ) | |
| SANTOS, ) | |
| Defendants. ) | |

**MEMORANDUM OPINION[1]**

This is a civil rights action initiated under 42 U.S.C. § 1983 by *pro se* Plaintiff Justin J. Robertson, a prisoner confined at SCI-Greene. Robertson's operative pleading is the Amended Complaint. (ECF No. 45).

The gravamen of Robertson's Amended Complaint is that he was denied adequate medical treatment for a spinal disc problem in violation of the Eighth Amendment, specifically that Defendants were deliberately indifferent to his serious medical needs. The defendants are two individuals employed by the Department of Corrections, Superintendent Robert Gilmore and Grievance Coordinator Tracey Shawley; an employee of the contract medical provider, Michael Hice; and two contract medical physicians Robert Valley, M.D., the medical director, and Arthur Santos, M.D.[2] Robertson brings all his claims under 42 U.S.C. § 1983 for violations

---

[1] In accordance with the provisions of 29 U.S.C. § 636(c)(1), all parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 9, 10, 35, 55, 57, and 67.

[2] Dr. Santos is incorrectly identified as "Dr. Author Santos" in the Amended Complaint.

of the Eighth Amendment, specifically he alleges that Defendants were deliberately indifferent to his serious medical needs.

There are currently four motions to dismiss pending before the Court: (i) the motion to dismiss filed by Defendants Gilmore and Shawley (ECF No. 52), (ii) the motion to dismiss filed by Defendant Hice (ECF No. 58), (iii) the motion to dismiss filed by Defendant Robert Valley, M.D. (ECF No. 60), and (iv) the motion to dismiss filed by Defendant Arthur Santos (ECF No. 68). Robertson has responded in opposition to each motion. (ECF Nos. 64, 65, 66, and 72). Dr. Santos filed a reply brief to Plaintiff's brief in opposition (ECF No. 73), to which Plaintiff filed a Sur-Reply. (ECF No. 77). For the reasons that follow, the motions will be granted and this case will be dismissed with prejudice.

## Background[3]

On or about May 24, 2016, Robertson reported "severe pain in his upper back (left) shoulder blade to Dr. Santos who prescribed muscle relaxer which was ineffective." Amended Complaint, at IV(D). On June 30, 2016, Robertson returned to Dr. Santos again complaining of pain. Dr. Santos again prescribed a muscle relaxer and ordered an x-ray. Robertson saw Dr. Santos again on July 12, 2016, and reported that the prescribed pain medication had provided no relief. Dr. Santos then prescribed a different medication.

On July 26, 2016, Plaintiff underwent an x-ray, which revealed he had arthritis in his back. (ECF No. 45-1, Ex. A). On July 28, 2016, Robertson began a course of prescribed physical therapy with John Cushner, PT. According to Robertson, Mr. Cushner believed that

---

[3] The factual history cited has been gleaned from Plaintiff's Amended Complaint and the exhibits attached thereto. For purposes of the pending motions to dismiss, Plaintiff's recitation of the facts is accepted as true. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.

Robertson's pain was coming from a swollen disc in his C-6 and C-7 spinal cord area possibly blocking the nerve, and that a MRI would be needed to confirm this. On August 30, 2016, Robertson informed Dr. Santos and Defendant Hice about the physical therapist's recommendation, but was told his x-ray was normal and a MRI was not needed. Plaintiff also told Dr. Santos and Defendant Hice that the physical therapy was making his pain worse, and requested pain medications. His request was denied and Robertson was advised to order "Motrin" from the commissary. Plaintiff immediately wrote a request to Medical Director Robert Valley asking for a MRI and filed a Grievance on August 30, 2016. *Id.*

Sometime thereafter, Roberson was transferred to Dauphin County Prison, where he was by its medical staff and then sent to a specialist at Hershey Medical. The specialist found that a disc in Robertson's neck had collapsed and advised him that an MRI and "99% sure" surgery was needed. Robertson was returned to SCI Greene on January 12, 2017, prior to having the MRI.

Upon return to SCI Greene, Robertson informed Dr. Valley and other medical staff of his need for an MRI. No action was taken. Robertson's family contacted Dr. Valley multiple times, again to no avail. Robertson's family then contacted Hersey Medical and had his medical records sent to SCI Greene.

On February 9, 2017, Plaintiff was informed that he was scheduled for a MRI. However, he did not undergo the MRI until July 14, 2017. Plaintiff underwent surgery on August 2, 2017.

Robertson alleges that by delaying his medical treatment, each of the defendants was deliberately indifferent to his serious medical needs. Defendants have filed motions to dismiss

---

2008); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

asserting that Plaintiff has failed to state a claim upon which relief can be granted against them.[4] The matter is ripe for resolution.

## Standard of Review

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald

---

[4] Defendants Valley and Santos also argue that the Amended Complaint should be dismissed as Robertson has failed to obtain a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3. However, because Plaintiff has affirmatively represented that he "is not alleging negligence or medical malpractice," ECF No. 77 at ¶ 14, the Court will proceed to analyze Robertson's claims under the Eighth Amendment, for which a certificate of merit is not needed.

assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In short, a motion to dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him to relief. *Twombly*, 550 U.S. at 563 n.8.

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a

claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

**Discussion**

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and requires that prisoners receive access to basic medical treatment. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Robertson faces an exacting burden in advancing his Eighth Amendment claim against prison officials in their individual capacities. To sustain such a claim, he must plead facts that:

> [M]eet two requirements: (1) "the deprivation alleged must be objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994) (quotations marks and citations omitted). In prison condition cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id*. "Deliberate indifference" is a subjective standard under *Farmer*—the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

These principles apply with particular force to Eighth Amendment claims premised upon inadequate medical care. In the medical context, a constitutional violation under the Eighth Amendment occurs only when officials are deliberately indifferent to an inmate's serious medical needs. *Estelle*, 429 U.S. at 105. To establish a violation of a constitutional right to adequate medical care in accordance with this standard, a prisoner is required to point to evidence that demonstrates (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. Such indifference may be evidenced by an

6

intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. *Estelle*, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer*, 991 F.2d at 67 (citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. *See e.g., Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ('[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights').

With these standards in mind, the Court will turn to the pending motions to dismiss.

  A. <u>Robertson has Failed to State A Claim Against Defendants Gilmore and Shawley</u>

Robertson alleges that he informed Superintendent Gilmore and Grievance Coordinator Shawley, through the filing of a grievance, that his physical therapist recommended a MRI and possible surgery and by failing to properly investigate this grievance his medical treatment was delayed. Defendants argue that Robertson has failed to state a claim against them as they did not have personal involvement in the alleged delay of Robertson's medical treatment. The Court

agrees with Defendants and finds that Robertson's allegations against Defendants Gilmore and Shawley cannot support an Eighth Amendment claim for deliberate indifference as a matter of law.

Defendants Gilmore and Shawley are non-medical prison officials. As the Court of Appeals for the Third Circuit recently reiterated:

> As our precedent makes clear, "a non-medical prison official" cannot "be charge[d] with the Eighth Amendment scienter requirement of deliberate indifference" when the "prisoner is under the care of medical experts" and the official does not have a "reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Spruill*, 372 F.3d at 236; see also *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (holding that non-physicians cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor").

*Pearson v. Prison Health Serv.*, 850 F.3d 526, 543 (3d Cir. 2017). Here, Robertson was being treated by medical professionals and there is no allegation that either Superintendent Gilmore or Grievance Coordinator Shawley knew or had any reason to believe that the medical professionals were mistreating Robertson or denying or delaying medical treatment for non-medical reasons.

Moreover, to establish personal liability against a defendant in a § 1983 action, the defendant must have personal involvement in the alleged wrongs. That is, the state actor must have played an affirmative part in the alleged misconduct in order to be subject to liability. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Chavarriaga v. New Jersey Dep't of Corrections*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Responding to a grievance is not sufficient to show the actual knowledge necessary for personal involvement. *Rode*, 845 F.2d at 1208.

For all these reasons, the Court finds that Robertson has failed to state a claim as a matter of law against Defendants Gilmore and Shawley.

B.      Robertson Has Failed to State a Claim Against Defendants Valley, Santos and Hice

The Court finds that Robertson's claims fail as a matter as law against Defendants Valley, Santos, and Hice because Robertson cannot establish that these defendants were deliberately indifferent to his serious medical needs. Robertson's claims, at most, amount to a disagreement with the course of treatment that the medical staff at SCI-Greene prescribed.

The Amended Complaint includes a timeline of the following medical treatment Robertson received:

- May 24, 2016: Robertson reported severe pain in his upper back (left) shoulder blade to Dr. Santos who prescribed a muscle relaxer. (ECF No. 45, at 6).

- June 30, 2016: Robertson complained again to Dr. Santos that his pain was worsening. Dr. Santos prescribed a muscle relaxer and ordered an x-ray study. (ECF No. 45, at 6).

- July 12, 2016: Robertson complained that the prescribed muscle relaxer provided little relief from pain. Dr. Santos prescribed Pamilor for sleep. (ECF No. 45, at 7).

- July 26, 2016: Robertson underwent an x-ray. (ECF No. 45, at 7).

- July 28, 2016: Robertson began physical therapy with John Cushner, P.T. (ECF No. 45, at 7).

- August 9, 2016: John Cushner informs Robertson that he believes the pain is from a swollen disc in Robertson's C-6 and C-7 spinal cord area possibly blocking a nerve, but a MRI would be needed to be sure. (ECF No. 45, at 7).

- August 30, 2016: Robertson sees Dr. Santos and Michael Hice at which time he informs them of increased pain from physical therapy. He also informs Dr. Santos and Michael Hice about what the physical therapist had told him. Robertson was advised to obtain Motrin at the commissary. He was also advised

9

that the results of his July 2016 x-ray were normal so a MRI was not needed. (ECF No. 45, at 7).

- August 30, 2016: Robertson files a Grievance asking to be scheduled for a MRI. (ECF No. 45, Exh. A).

- Robertson is transferred to Dauphin County Prison and was seen by medical staff there. He was then seen by a specialist at Hersey Medical who ordered a MRI. (ECF No. 45, at 7).

- January 12, 2017: Robertson was transferred back to SCI Greene before the MRI occurred. (ECF No. 45, at 7). Robertson submits request slip to Dr. Valley, the medical director at SCI-Greene, requesting MRI based on "approval by a doctor while he was at Dauphin County Prison."

- February 9, 2017: Robertson is informed that he is scheduled for a MRI. ECF No. 45, at 7).

- July 14, 2017: Robertson has MRI. (ECF No. 45, at 7).

- August 2, 2017: Robertson has surgery. (ECF No. 45, at 7).

A fair reading of Plaintiff's Amended Complaint indicates that Robertson was provided with significant care - he was routinely and consistently monitored by medical staff, was prescribed medications for pain, underwent diagnostic tests to investigate his complaints, and was sent for physical therapy. Upon his return to SCI-Greene from Dauphin County Prison, and after receiving Robertson's medical records from Hershey Medical, Robertson was scheduled for an MRI. Thereafter, he was sent for surgical repair based on the results of his MRI.

It is a "well-established rule that mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103 (3d Cir. 1990). In the context of the Eighth Amendment, any attempt to second-guess the propriety or adequacy of a particular course of treatment has been disavowed by courts since such determinations remain a question of

sound professional medical judgment. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Additionally, "[a] court may not substitute its own judgment for diagnosis and treatment decisions made by prison medical staff members." *Id*. at 762.

The Court is sympathetic to Robertson's frustration and dissatisfaction that he was not scheduled for a MRI or surgery until approximately fifteen months after he first reported pain in his left upper back; however, the fact that Robertson disagreed with his treatment, or that his medical providers disregarded the physical therapist's "belief" that a MRI and surgery may be needed, does not amount to a violation of the Eighth Amendment. Significantly, the Amended Complaint contains no allegations that Defendants Valley, Santos, and/or Hite refused to provide Robertson with medical care or that they delayed his treatment for non-medical reasons. *Durmer*, 991 F.2d at 68. Robertson's requests for an MRI, additional pain medications, and surgery do not outweigh his treating physician's professional judgment in determining the proper course of treatment, especially when a significant level of medical care was provided to him. *Brown*, 903 F.2d at 278. Thus, the Court finds that the factual allegations of the Amended Complaint, along with the attached Exhibits, do not show that Robertson has a plausible claim for relief. *Iqbal*, 566 U.S. at 678. Robertson has failed to present any allegations which demonstrate that Defendants Valley, Santos, or Hite were deliberately indifferent to his medical needs.

For all these reasons, the Court finds that Plaintiff has failed to state a claim as a matter of law against Defendants Valley, Santos, and Hite.

**Leave to Amend**

The Court of Appeals for the Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative

amendment, unless an amendment would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Given that the Court has already provided Robertson with an opportunity to amend, (*see* ECF No. 44), the Court is not required to provide him with further leave to amend as further amendment would be futile. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012).

**Conclusion**

For all the above reasons, the pending motions to dismiss will be granted and the case will be dismissed with prejudice. An appropriate order follows.

Dated: October 2, 2019

                                        s/Cynthia Reed Eddy
                                        Cynthia Reed Eddy
                                        Chief United States Magistrate Judge

cc:    JUSTIN J. ROBERTSON
       FP 1845
       SCI Greene
       175 Progress Drive
       Waynesburg, PA 15730
       (via U.S. First Class Mail)

       All counsel of record via CM/ECF electronic notification